IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OLIVER SOLOMON,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** § § § § | CA No. 4:17-CV-02952 |
| Plaintiff, § | JURY DEMANDED |
| v. § § | |
| **NATIONWIDE INVESTIGATIONS AND SECURITY, INC.** § § § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendant, NATIONWIDE INVESTIGATIONS AND SECURITY, INC. ("Defendant"), failed to pay Plaintiff and others similarly situated for all hours worked (in part by failing to properly compensate for work performed during meal breaks and/or routinely deducting wages for meal breaks that were not taken) and failed to pay overtime wages when they worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Plaintiff also asserts that Defendant misclassified him and others similarly situated as independent contractors.

1.2 Plaintiff Oliver Solomon, and the similarly situated individuals he seeks to represent, are current and former individuals who work/worked for Defendant and held the job title of security officer and/or security guard (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated Class Members.

1.4 Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a bona fide meal period which primarily benefited the employee. Defendant does not provide bona fide meal periods for its security officers/security guards who are responsible for providing security services to its clients/customers their entire shift. Class Members who work/worked for Defendant are required to man their post and remain responsible for security services throughout their shift. Instead of allowing Class Members to clock out for their meal periods and then clock back in at the end of a meal period, Defendant unilaterally deducted a 30-minute block of time from Class Members' pay with knowledge they are not able to and have not taken a bona fide meal period during their shift. Defendant instituted policies and practices that result in Class Members being responsible for security services throughout their shift yet consistently docks/docked their pay for thirty (30) minute meal breaks.

1.5 Defendant's policies and practices result in Class Members being denied wages due under the FLSA. Under this policy, non-exempt security officers/security guards involved in providing security services were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Defendant continues to require security officers/security guards to be responsible for security services and to remain on duty and subject to interruptions during purported meal breaks.

1.6 Defendant violated the FLSA by knowingly and willfully permitting Plaintiff and Class Members to perform work and/or remain on duty during their meal breaks, subjecting them to interruptions during their meal breaks at all times. Defendant had notice that Plaintiff and Class Members expected to be paid for their work on an hourly basis.

      Defendant received the value of Plaintiff and the Class Members' work performed during their meal periods without compensating them for their services. Defendant willfully and deliberately failed to pay Plaintiff and Class Members compensation for work performed.

1.7    Defendant's conduct also violates the FLSA because non-exempt employees, such as Plaintiff and the Class Members should be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek. *See* 29 U.S.C. §207(a). Plaintiff and Class Members were required to work over forty (40) hours per work week, Defendant was aware such work was performed, but failed to pay them at the applicable overtime and hourly rate. This practice also violates the FLSA.

1.8    Defendant further violated the FLSA when deducting the cost of any uniforms, and/or equipment and/or hotel accommodations required to perform services for Defendant when such deductions cut into any overtime wages earned and/or reduced Plaintiff and the Class Members' pay below minimum wage.

1.9    Defendant also failed to pay Class Members for all hours worked. Defendant failed to pay Plaintiff and the Class Members for travel time between works sites and/or travel time where Class Member should have been deemed on the clock as they were performing duties in furtherance of Defendant to complete their job responsibilities.

1.10    Therefore, Plaintiff files this action to recover on behalf of himself and Class Members all unpaid wages and other damages owed to them under the FLSA as a 29 U.S. §216(b) collective action.

## 2. **JURISDICTION**

2.1.    This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

### 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### 4. PARTIES

4.1. Plaintiff lives in the Southern District of Texas. Plaintiff worked for Defendant as a security officer performing security services for Defendant for approximately five (5) months from March 2017 to the present.

4.2. The class of similarly situated individuals consists of the job titles security officer and security guard, who worked for Defendant within the last three years preceding the filing of this Complaint and continuing through the duration of this action who were not paid for all hours worked, were not paid overtime compensation for all hours worked over forty (40) hours in a workweek and/or were not paid the minimum hourly wage in accordance with the FLSA (hereinafter referred to as the "Class Members").

4.3. Named Plaintiff has signed an opt-in consent form to be a party to this action pursuant to 29 U.S.C. §216(b). A true and correct copy of such consent form is attached to this Complaint as Exhibit A. Other Class Members have signed consent forms and joined this action as well. A true and correct copy of such consent forms are attached to this Complaint as Exhibit B.

4.4. Defendant Nationwide Investigations and Security, Inc. is an employer qualified to do business in Texas. Defendant can be served by, serving its Registered Agent for Service of Process, Allen Holimon, 2425 West Loop South, Suite 200, Houston, Texas 77027

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant has been an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant has had annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. FLSA COLLECTIVE ACTION BACKGROUND FACTS

6.1 Defendant is a company that provides investigative and armed or unarmed security services. It provides private security guards, security officers and security personnel to both residential and commercial clients.

6.2 Plaintiff was hired to work as a security officer for Defendant's client/customer Live Oak Grill. He worked in that position for approximately five (5) months until approximately August 2017.

6.3 Defendant controlled most of the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the amounts to be deducted from his wages and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.4  As a security guard/security officer, Plaintiff's primary duties included but were not limited to providing security service for Defendant's client Live Oak Grill.

6.5  As security guards/security officers, Plaintiff and Class Members regularly worked more than forty (40) hours per workweek.  Specifically, a typical full-time work schedule required Plaintiff and the Class Members to work more than forty (40) hours per week (working anywhere from eight (8) to twelve (12) hour shifts 6-7 days per week).  Plaintiff was not a member of management.  Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices.  Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.6  During the relevant time period, Defendant deducted thirty (30) minutes from each shift worked by Plaintiff and the Class Members as a purported meal break.  However, in practice, Plaintiff and the Class Members are not permitted to take a 30-minute uninterrupted bona fide meal break due to Defendant's instructions that they must man their post during the entire shift and the demands of the job.  In the rare instances where they attempt a meal break, they remain on duty in that they are required to respond to security issues and the normal demands of the job.

6.7 During the relevant time period, Defendant failed to compensate Plaintiff and the Class Members for any and all time spent driving from one job site to the other within the work day and in furtherance of Plaintiff and the Class Members' job duties.

6.8 Plaintiff and the Class Members were misclassified by Defendant as independent contractors but were in fact at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.9 As far as compensation, Plaintiff and the Class Members are/were issued a bi-weekly check for some (but not all) of the hours worked in a two-week pay period. Defendant deducted a 30-minute break period from each shift worked and also made deductions for uninforms, equipment and/or hotel accommodations required in the performance of their job.

6.10 Plaintiff and the Class Members complained about Defendant's failure to pay for meal breaks that were not actually taken and for overtime compensation for all hours worked over forty (40) hours per workweek but their complaints were ignored/denied.

6.11 During the relevant time period, Defendant failed to maintain accurate time records of all hours worked by Plaintiff and the Class Members.

6.12 Defendant engaged in a pattern and practice of deducting certain costs and expenses from the wages of Plaintiff and Class Members, such as uniforms, equipment, and hotel accommodations, expenses incurred in the furtherance of the employment duties for Defendant.

6.13 There was no clear mutual understanding or agreement between Defendant and Plaintiff or the Class Members that they would be paid using the fluctuating work week method of pay and how that method works, nor did Defendant pay them a fixed rate. Thus, Defendant is not entitled to utilized the FWW method of pay when determining the

regular rate of pay for Plaintiff or Class Members because the amount of compensation it paid to them varied based on the amount of time worked.

### 7. COLLECTIVE ACTION ALLEGATIONS

7.1 Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all others similarly situated who: (1) currently work or have worked for Defendant on or after the date that is three years preceding the filing of this Complaint; (2) were given job titles such as (but not limited to) security guard and security officer; (3) performed investigative or security guard services for Defendant; (4) were paid on an hourly basis; and (5) worked more than 40 hours per work week and/or were subject to deductions from their pay for 30 minute purported meal breaks per shift.

7.2 Defendant classified/classifies and paid/pays Plaintiff and the Class Members in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3 Plaintiff and the Class Members all perform the same essential job functions of security services and duties notwithstanding the fact that one individual might have more tenure, experience, or require less supervision than another individual in the same or similar position. At all relevant times, Plaintiff and the Class Members have had substantially similar job duties, and have been subject to Defendant's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime for all hours worked over forty (40) hours in a work week, making deductions for uninforms, equipment and/or hotel accommodations required in furtherance of their job duties, and deducting wages for 30 minutes per shift for a purported meal break that was not in practice allowed.

7.4 The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary. Additionally, the Class Members are so numerous that joinder of all members is impracticable.

7.5 Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their overtime wages, liquidated damages, attorneys' fees and other damages.

## 8.   FLSA - CAUSES OF ACTION
### (Failure to Pay Overtime and Failure to Pay Minimum Wage)

8.1 Plaintiff incorporates the allegation in the preceding paragraphs.

8.2 Defendant violated the FLSA by failing to pay Plaintiff and the Class Members overtime compensation and/or minimum wage in accordance with the FLSA for all hours worked.

8.3 Defendant effectuated a decision, policy and plan knowingly and purposefully refusing to pay Plaintiff and the Class Members for all hours worked including overtime compensation for all hours worked in excess of forty (40) hours per workweek.

8.4 Defendant failed to compensate Plaintiff and the Class Members for any and all work for any time spent driving a substantial distance to and from job sites in furtherance of their work duties.

8.5 Defendant failed to keep track of all hours worked by Plaintiff and the Class Members and/or altered the amount of hours reported as worked by Plaintiff and the Class Members.

8.6 Defendant was well aware that Plaintiff and the Class Members worked over forty (40) hours per work week and traveled in furtherance of their job duties.

8.7 Defendant was well aware that Plaintiff and the Class Members were not able to and/or did not take a 30-minute bona-fide meal breaks but nevertheless deducted such time from Plaintiff and the Class Members' pay in violation of the FLSA.

8.8 Defendant's failure to compensate Plaintiff and the Class Members for all hours worked and its failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.9 Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

8.10 At all relevant times, Defendant was required to keep and maintain accurate records of the hours worked by Plaintiff and the Class Members.

8.11 At all relevant times, Defendant failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

8.12 Defendant engaged in a pattern and practice of deducting certain costs and expenses from the wages of Plaintiff and the Class Members.

8.13 As the direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered lost wages and other damages.

8.14 Plaintiff and the Class Members are entitled to back wages, liquidated damages in an equivalent amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

8.15 Plaintiff and the Class Members are readily ascertainable. For purposes of notice, and other purposes related to this action, their names and addresses are readily available from Defendant.

## 9. JURY DEMAND

9.1 Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1 Plaintiff respectfully requests that judgment be entered against NATIONWIDE INVESATIGATIONS AND SECURITY, INC., awarding him and all similarly situated employees:

10.1.1 Unpaid wages for all hours worked during the period specified herein.

10.1.2 Overtime compensation for all hours worked in excess of forty (40) hours per work week at the rate of one and a half times his regular rate of pay;

10.1.3 An equal amount of liquidated damages;

10.1.4 Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5 Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFF