United States District Court
Southern District of Texas
**ENTERED**
November 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLIVER SOLOMON, *et al*, | § § | CIVIL ACTION NO. 4:17-cv-02952 |
| Plaintiffs, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| NATIONWIDE INVESTIGATIONS AND SECURITY INC, *et al*, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION
GRANTING DISCOVERY SANCTIONS**

The motion by Plaintiffs seeking to strike Defendants' pleadings, defenses, and evidence, or in the alternative for default judgment, is granted in part and denied in part. Dkt 79. Plaintiffs are awarded attorney fees and expenses incurred in conjunction with this motion.

1. Background

This is a collective action brought under the Fair Labor Standards Act regarding overtime and minimum wage violations. Plaintiffs Oliver Solomon, LeAndra Harrell, and Montez Lewis Whitby on behalf of themselves and all others similarly situated sued Defendants Nationwide Investigations and Security, Inc, along with its CEO, Allen Hollimon.

Solomon filed suit in October 2017. Dkt 1. Discovery didn't proceed smoothly, to say the least. The current dispute concerns a continued failure by Defendants to provide complete responses to requests for production and interrogations, first served nearly two years ago in November 2018.

The prior judge assigned to this case ordered Defendants to respond to all outstanding discovery requests by June 21, 2019. Dkt 60. This was extended to August 15, 2019. Dkt 65. Plaintiffs again moved to compel discovery in November 2019 when Defendants still hadn't fully responded. Dkt 70.

Nationwide Investigations was ordered in January 2020 "to fully comply with all of Plaintiffs' discovery requests before the close of discovery on March 6, 2020." Dkt 77 at 2. That order stated, "There will be no further extensions to discovery. If Nationwide Investigations fails to cooperate or comply, Plaintiffs may seek to strike defenses, exclude evidence, or seek any other appropriate relief." Ibid.

Plaintiffs filed the instant motion to strike, or alternatively for default judgment, on March 12, 2020. Dkt 79. Plaintiffs claim Defendants have still failed to supplement their discovery responses. They outline the following discovery deficiencies:

- Failure to provide responsive documents as to Plaintiffs' hours worked, location worked, or schedules;
- Failure to provide IRS 1099s or other tax forms showing wages reported;
- Failure to produce weekly timesheets for more than half of the Plaintiffs; and
- Failure to provide any responsive documents for Plaintiff Amiekan Umoette.

Id at ¶ 15; see also Dkt 76 at 2 (letter of December 12, 2019); Dkt 81-1 at 3–4 (letter of November 13, 2019). Defendants asserted in response that they have complied with Plaintiffs' discovery requests. Dkt 83 at 1.

The Court heard oral argument on the motion. Defendants there acknowledged that they have problems with their recordkeeping. But they maintained that they have produced all responsive documents in their possession. Plaintiffs argued that this was inconsistent with deposition testimony from Hollimon that Nationwide Investigations kept timesheet records of its employees.

2

Plaintiffs were ordered to file this deposition testimony. Minute Entry of August 25, 2020. Defendants were ordered to file "a record of all emails or other written communication between parties' counsel from 01/07/2020 to present" to establish "efforts to comply with" the prior court order, including "an affidavit of any telephone conversations addressing the same." Ibid.

Plaintiffs filed Hollimon's deposition testimony. See Dkt 90; Dkt 90-1. It establishes that Nationwide Investigations kept timesheets of its security officers and security guards, and that it would be able to provide them upon request. Dkt 90 at 2–3.

Defendants also filed their response. Dkt 91. It doesn't reference any documents, communications, or affidavits in accordance with that order. Plaintiffs argue that the response thus in no way presents any evidence that Defendants tried to comply with the January 7th order prior to the discovery deadline of March 6th. Dkt 92 at 2.

### 2. Legal standards

District courts have inherent authority to impose sanctions. *Carroll v Jaques Admiralty Law Firm, PC*, 110 F3d 290, 292 (5th Cir 1997). Rule 37(b)(2)(A) further provides, "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Such further orders include "(iii) striking pleadings in whole or in part" and "(vi) rendering a default judgment against the disobedient party."

District courts have broad discretion in fashioning appropriate sanctions. *Law Funder, LLC v Munoz*, 924 F3d 753, 758 (5th Cir 2019). This discretion is subject to certain limitations. A party's violation of a discovery order ordinarily must be committed willfully or in bad faith for the court to award the severest of remedies available under Rule 37(b), such as striking pleadings, entering a default judgment, or dismissing the action with prejudice. *Pressey v Patterson*, 898 F2d 1018, 1021 (5th Cir 1990). But the Fifth Circuit doesn't require a showing of willful or "contumacious" misconduct as a prerequisite to sanctions that are less harsh than a dismissal or default judgment. *Chilcutt v United States,* 4 F3d 1313, 1322, 1322 n 23 (5th

Cir 1993), citing *Societe Internationale Pour Participations Industrielles Et Commerciales, SA v Rogers*, 357 US 197, 208, 213 (1958).

It is it well within the discretion of a district court "to use sanctions as a tool to deter future abuse of discovery." *Smith & Fuller, PA v Cooper Tire & Rubber Co*, 685 F3d 486, 490 (5th Cir 2012). Indeed, the Fifth Circuit advises district courts to keep in mind when awarding sanctions that the primary purpose is "to deter frivolous litigation and abusive tactics." *Topalian v Ehrman,* 1996 WL 248995, *2 (5th Cir). The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v Associated Air Center Inc,* 100 F3d 406, 412 (5th Cir 1996). An award of attorney fees and expenses is viewed by the Fifth Circuit as one of the least severe remedies afforded under Rule 37(b). See *Chilcutt*, 4 F3d at 1320 n 17, citing FRCP 37(b)(2) and *United States v Sumitomo Marine and Fire Insurance Co*, 617 F2d 1365, 1369 (9th Cir 1980).

    3.   Analysis

One thing is clear. Defendants have taken a neglectful and lackadaisical approach to discovery in this action. Plaintiffs fully detail Defendants' failure to timely comply along with repeated disregard of emails, letters, and requests along the way. Plaintiffs have—time and again—needed to request court intervention. Defendants were directed to produce a record of communications establishing diligence in complying with their discovery obligations. Minute Entry of August 25, 2020. They submitted nothing of substance. See Dkt 91. The Court therefore presumes there were no such communications or other information establishing diligence.

This behavior leaves much to be desired. It is sanctionable. But the primary question is whether Defendants ultimately failed to comply with the order of January 7, 2020. That order required them "to fully comply with all of Plaintiffs' discovery requests before the close of discovery on March 6, 2020." Dkt 77. They have now squarely averred that they have produced all responsive documents. Dkt 91 at 2. The extreme sanctions requested by Plaintiffs are thus inappropriate at this time.

Even so, Defendants' utter failure to communicate necessitated motion practice. An appropriate sanction under Rule

37(b)—and the least severe to achieve the desired deterrence—is an award to Plaintiffs of their attorney fees and costs incurred in connection with their motion. For example, see *Orchestrate HR, Inc v Trombetta*, 178 F Supp 3d 476, 503 (ND Tex 2016) (shifting costs of discovery motion where defendant failed to supplement discovery responses).

In addition, the deposition testimony by Hollimon raises frank concerns regarding Defendants' obligations to preserve pertinent litigation records. See *Rimkus Consulting Group, Inc v Cammarata*, 688 F Supp 2d 598, 612–13 (SD Tex 2010) (describing duty to preserve evidence relevant to litigation). Plaintiffs may bring a later, appropriate motion for such failure to preserve records, as warranted and supported in good faith.

### 4. Conclusion

The motion by Plaintiffs seeking to strike Defendants' pleadings, defenses, and evidence, or in the alternative for default judgment is GRANTED IN PART and DENIED IN PART. Dkt 79.

Defendants are ORDERED to reimburse Plaintiffs for the attorney fees and expenses they incurred when engaging in the communications made the subject of the instant motion, drafting and filing that motion and the reply, preparing for and participating in the record hearing, drafting and filing the subsequent responses, and preparing and filing the application for award of fees and costs. Dkt 79; Dkt 81; Dkt 90; Dkt 92.

Plaintiffs are ORDERED to file a motion and supporting affidavits by December 3, 2020 setting forth the services for which they seek to be reimbursed, the time expended and the reasonably hour rate sought, together with proof of any expenses incurred. Defendants may respond by December 17, 2020 either with agreement to the fees and expenses sought or with evidence and argument why they aren't accurate. Plaintiffs may reply by December 22, 2020.

SO ORDERED.

Signed on November 17, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge