United States District Court
Southern District of Texas
**ENTERED**
April 12, 2021
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| OLIVER SOLOMON, *et al*, | § § | CIVIL ACTION NO. 4:17-cv-02952 |
| Plaintiffs, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| NATIONWIDE INVESTIGATIONS AND SECURITY INC, *et al*, | § § § § § | |
| Defendants. | § | |

### ORDER GRANTING MOTION FOR REIMBURSEMENT

A memorandum and opinion granting discovery sanctions against Defendants Nationwide Investigations and Security, Inc and its CEO, Allen Hollimon was entered in this action on November 17, 2020. Dkt 96. That opinion provides full explanation of the pertinent background.

Plaintiffs were there ordered to file a motion and supporting affidavits setting forth the services for which they seek to be reimbursed, the time expended, and the reasonable hourly rate sought, together with proof of any expenses incurred. Id at 5. They did so. Dkt 98. Defendants filed objections. Dkt 99. Plaintiffs replied. Dkt 100.

Plaintiffs seek reimbursement of $12,635.00 in attorney fees and attached an affidavit in support. See Dkts 98, 98-1. This pertains to approximately 37.5 hours of time split between lead counsel and the associate working with him on the underlying motion practice and discovery dispute. Plaintiffs don't seek any award of costs even though allowed. Dkt 98 at 1.

Defendants responded by arguing that the affidavit doesn't indicate "which hours the Plaintiffs' counsels considered unproductive, excessive, or redundant." Dkt 99 at 2. They argue that Plaintiffs must provide "detailed billing records," and that the Court should "deny awarding attorney fees as sanctions until this information has been provided and the Defendants have an opportunity to review and assess the reasonableness of the fees." Ibid.

The Court has already determined that an appropriate sanction under Rule 37(b)—and the least severe to achieve the desired deterrence—is an award to Plaintiffs of their attorney fees and costs incurred in connection with their motion. Dkt 96 at 4–5, citing *Orchestrate HR, Inc v Trombetta*, 178 F Supp 3d 476, 503 (ND Tex 2016) (shifting costs of discovery motion where defendant failed to supplement discovery responses). That pertained to the *entirety* of the time expended in that regard, as it was *all* unnecessary and unproductive due to Defendants' failure to communicate.

The materials provided by Plaintiffs are sufficient and, obviously, seek modest amounts. The affidavit establishes other necessary information, including the background, skill, and experience of the attorneys involved, along with familiarity with typical rates and billing practices in Houston and Harris County for these types of matters. Dkt 98-1 at 3–4. It also establishes that the amounts were necessarily incurred and consistent with ethical obligations. Id at 4. Defendants state no challenge to those averments.

Defendants Nationwide Investigations and Security, Inc and Allen Hollimon are ORDERED to pay Plaintiffs Oliver Solomon, LeAndra Harrell, and Montez Lewis Whitby $12,635.00 in attorney fees by April 30, 2021.

So ordered.

Signed on April 12, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge