United States District Court
Southern District of Texas
**ENTERED**
June 29, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| OLIVER SOLOMON, *et al*, Plaintiffs, | § § § § § | CIVIL ACTION NO. 4:17-cv-02952 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| NATIONWIDE INVESTIGATIONS AND SECURITY INC and ALLEN HOLLIMON, Defendants. | § § § § § § § | |

### OPINION AND ORDER
### GRANTING SUMMARY JUDGMENT

The motion by Plaintiffs for summary judgment is granted. Dkt 112.

1. Background

Defendant Allen Hollimon was the owner of Defendant Nationwide Investigations and Security Inc from April 1999 to 2013, and he has served as its chief executive officer since approximately 2015. Dkt 113 at 169. Plaintiffs worked for Nationwide Investigations between March and August of 2017. Dkt 78 at ¶¶ 6.2–6.3. They brought this action on behalf of themselves and others similarly situated, alleging violations of the Fair Labor Standards Act, 29 USC § 201 *et seq*. Dkt 78.

Plaintiffs now move for summary judgment or, in the alternative, partial summary judgment. Dkts 110 & 112.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

3. Analysis

Section 207(a)(1) of the FLSA states with emphasis added:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or *is employed in an enterprise engaged in commerce* or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Section 203(s)(1)(A) of the FLSA in pertinent part defines an *enterprise engaged in commerce* as a business that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Defendants don't contest that Plaintiffs worked more than forty hours per week without receiving overtime pay. Nor do they dispute that Plaintiffs were engaged in commerce. They instead argue only that Nationwide Investigations wasn't subject to the FLSA during the relevant period because its annual gross volume of sales was less than $500,000. Dkt 115.

3

Nationwide Investigations provides its 2017 and 2018 tax returns in support of this contention. See Dkts 115-1 & 115-2. These respectively show gross sales of $456,001 and $360,005. Such evidence would in some circumstances appear to overcome summary judgment on this issue. But Plaintiffs seek to strike the tax returns on argument that Defendants "intentionally failed to produce" them during discovery. Dkt 117 at 5–6.

Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure requires parties to disclose at the outset of litigation "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e) further requires parties to supplement these initial disclosures. And Rule 37(c)(1) outlines the consequences for failure to make such disclosures, stating in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The original complaint and all amended complaints specifically allege, "Defendant has had annual gross sales in excess of $500,000.00." Dkt 1 at ¶ 5.3; Dkt 22 at ¶ 5.3; Dkt 32 at ¶ 5.3; Dkt 78 at ¶ 5.3. The answer by Defendants denies this allegation and includes affirmative defenses such as failure to state a claim, while also invoking "the defenses, protections, and limitations of the Fair Labor Standards Act." Dkt 16 at 2, 4–5.

Tax forms purportedly demonstrating that Nationwide Investigations isn't subject to the FLSA plainly fell within Defendants' initial disclosure obligations. Defendants shirked those duties at their peril. And so the consequences stated in Rule 37(c)(1) now pertain.

4

Worse still, the tax returns fell within document requests made by Plaintiffs. For instance, Plaintiffs requested all documents "that Defendant may use to support the affirmative defenses asserted in its Answer to Plaintiffs' Original Complaint and any Amended Complaints" and "that relate to any allegations or claims set forth in the Original Complaint, First Amended Complaint and Second Amended Complaint." Dkt 66-2 at 2 & 5. Nationwide Investigations previously represented to this Court that they produced all responsive documents in their possession. See Minute Entry of 08/25/2020; see also Dkt 96 at 4. Yet attachment of these tax returns in response to the motion for summary judgment is apparently the first time they disclosed these records. Dkt 117 at 2.

The failure by Defendants to disclose such significant documents is part of a distinct pattern in this litigation. Nationwide Investigations was ordered to provide outstanding discovery responses to Plaintiffs' discovery requests no later than June 21, 2019. Dkt 60. When it failed to meet this deadline, Plaintiffs brought a motion to compel discovery. Dkt 62. The motion to compel was granted, requiring Nationwide Investigations to comply with its discovery obligations by August 15, 2019. Dkt 65. Nationwide Investigations again failed to comply, and Plaintiffs once again sought relief. Dkts 70 & 76. Nationwide Investigations was ordered "to fully comply with all of Plaintiffs' discovery requests before the close of discovery on March 6, 2020." Dkt 77. It was also warned, "There will be no further extensions to discovery. If Nationwide Investigations fails to cooperate or comply, Plaintiffs may seek to strike defenses, exclude evidence, or seek any other appropriate relief." Id at 2. Plaintiffs later moved to strike Defendants' pleadings, defenses, and evidence. Dkt 79. That motion was granted in part. Dkts 96, 98 & 101. And it was noted at that time, "One thing is clear. Defendants have taken a neglectful and lackadaisical approach to discovery in this action." Dkt 96 at 4.

Introduction of easily obtainable evidence well over three years after a party's initial disclosures is plainly improper. But revealing clearly responsive documents—even assuming them to be authentic—for the first time during summary judgment is beyond the pale, particularly in light of multiple, specific admonishments to comply with discovery obligations. Rule 37(b)(2) affords a range of remedies for this type of discovery malfeasance, including sanctions designating certain facts to be "established" for purposes of the action and prohibiting the disobedient party from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Such sanctions are deemed appropriate here.

The tax returns attached to Defendants' response to the motion for summary judgment are properly stricken. As such, they will play no part in resolution of the issues now presented on summary judgment.

Plaintiffs in their motion have presented evidence that Nationwide Investigations' annual gross volume of sales exceeded $500,000 in 2017. Dkt 113 at 246–47, 249. With the 2017 and 2018 tax returns being stricken, Nationwide Investigations has presented no competent evidence raising a genuine dispute of material fact as to whether it is subject to the FLSA. Indeed, Defendants concede all other allegations in the motion for summary judgment. See Dkt 115.

Summary judgment will be granted in favor of Plaintiffs.

### 4. Conclusion

The exhibits attached to Defendants' response to Plaintiffs' motion for summary judgment are STRICKEN. Dkts 115-1 & 115-2.

The motion by Plaintiffs Oliver Solomon, Leandra Harrell, and Montez Lewis Whitby, on behalf of themselves and others similarly situated, for summary judgment is GRANTED. Dkt 112.

Plaintiffs are ORDERED to file an advisory regarding what, if any, further procedure is necessary before a final

judgment can be entered in this matter. Such advisory must be filed on or before July 15, 2022.

SO ORDERED.

Signed on June 29, 2022, at Houston, Texas.

*[signature: Chas R Eskridge]*
Hon. Charles Eskridge
United States District Judge